```
        IN THE UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF ALABAMA
                   EASTERN DIVISION
```

CARL A. GREEN,            )
                          )
    PLAINTIFF,            )
                          )
VS.                       )     CV-99-H-3249-E
                          )
UNION FOUNDRY COMPANY,    )
                          )
    DEFENDANT.            )

FILED 01 JAN -3 AM 9:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JAN 03 2001

## MEMORANDUM OF DECISION

The Court has before it the November 8, 2000 motion of defendant Union Foundry Company for summary judgment. Pursuant to the Court's November 9, 2000 order, the motion was deemed submitted, without oral argument, on December 8, 2000.

### I. Procedural History

Plaintiff Carl Green commenced this action on December 6, 1999 by filing a complaint in this court alleging liability on the part of his employer for allegedly demoting plaintiff, harassing plaintiff, and firing plaintiff because of his race. (See Compl. ¶ 9.) In his complaint, plaintiff contended that defendant's alleged conduct constituted a violation of Title VII, 42 U.S.C. ¶¶ 2000e, et. seq. (See Compl. ¶¶ 9, 10.) On December 29, 1999, plaintiff filed an amended complaint changing only the alleged dates of plaintiff's promotion and demotion. (See Am.

49

Compl.)  Defendant filed an answer on January 3, 2000.  (See Def.'s Answer.)  No further amendments to the complaint have been filed, and the orders entered on January 10, 2000 and February 15, 2000 fixed the issues as established by the pleadings on April 6, 2000.  Under the February 15, 2000 order, as amended, the deadline for filing dispositive motions was fixed as November 9, 2000.  Defendant's November 8, 2000 motion for summary judgment asserts that no genuine issue of material fact exists and that Union Foundry Company is entitled to judgment as a matter of law.  (See Def.'s Mot. Summ. J.)

The parties have each filed briefs and submitted evidence in support of their respective positions concerning the pending motion for summary judgment.  On November 17, 2000, defendant submitted evidence[1] in support of the motion and on November 22, 2000, defendant filed a supporting memorandum of law.  Plaintiff submitted evidence[2] in opposition to the motion on December 1,

---

[1] Defendant submitted the April 8, 2000, May 4, 2000, and June 21, 2000 sessions of the deposition of Carl A. Green with exhibits; excerpts from the September 14, 2000 deposition of Ilean Green with exhibits; and the November 16, 2000 affidavit of J. Fred Hull with exhibits.

[2] Plaintiff submitted the July 3, 1998 Discipline Request submitted by Carl Green concerning J. Curry; the October 21, 1998 Emergency Discharge Instruction Sheet for Carl Green; the October 22, 1998 School/Work Excuse for Carl Green; the November 14, 1998 BellSouth phone bill for Carl Angelo Green; handwritten notes dated December 1, 1998; and the August 31, 2000 EEOC dismissal and Notice of Rights letter with envelope.

2000 and filed an opposing brief on December 8, 2000.

### II. Standards for Evaluating a Summary Judgment Motion

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. See id. at 323. Once the moving party has met his burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. See id. at 324.

The substantive law will identify which facts are material and which are irrelevant. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. See Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115

(11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. See id. at 249.

The method used by the party moving for summary judgment to discharge its initial burden depends on whether that party bears the burden of proof on the issue at trial. See Fitzpatrick, 2 F.3d at 1115-17 (citing United States v. Four Parcels of Real Property, 941 F.2d 1428 (11th Cir. 1991)(en banc)). If the moving party bears the burden of proof at trial, then it can only meet its initial burden on summary judgment by coming forward with positive evidence demonstrating the absence of a genuine issue of material fact; i.e. facts that would entitle it to a directed verdict if not controverted at trial. See Fitzpatrick, 2 F.3d at 1115. Once the moving party makes such a showing, the burden shifts to the non-moving party to produce significant, probative evidence demonstrating a genuine issue for trial.

If the moving party does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways. First, the moving party may produce affirmative evidence negating a material fact, thus demonstrating that the non-moving party will be unable to prove its case at

4

trial. Once the moving party satisfies its burden using this method, the non-moving party must respond with positive evidence sufficient to resist a motion for directed verdict at trial.

The second method by which the moving party who does not bear the burden of proof at trial can satisfy its initial burden on summary judgment is to <u>affirmatively</u> show the absence of evidence in the record to support a judgment for the non-moving party on the issue in question. This method requires more than a simple statement that the non-moving party cannot meet its burden at trial but does not require evidence negating the non-movant's claim; it simply requires that the movant point out to the district court that there is an absence of evidence to support the non-moving party's case. <u>See</u> <u>Fitzpatrick</u>, 2 F.3d at 1115-16. If the movant meets its initial burden by using this second method, the non-moving party may either point out to the court record evidence, overlooked or ignored by the movant, sufficient to withstand a directed verdict, or the non-moving party may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. However, when responding, the non-movant can no longer rest on mere allegations, but must set forth evidence of specific facts. <u>See</u> <u>Lewis v. Casey</u>, 518 U.S. 343, 358 (1996) (citing <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 561

(1992)).

### III. Relevant Undisputed Facts[3]

Plaintiff is African-American. He began working for defendant Union Foundry Company as an hourly employee on April 7, 1998. (See Dep. of Carl Green 153-154.) On December 4, 1999, plaintiff filed a charge of discrimination with the EEOC alleging that, because of plaintiff's race, defendant assigned plaintiff to the "less desirable position of Clean-Up Supervisor" where plaintiff was required to perform menial tasks and was subjected to racial slurs; demoted plaintiff from the supervisory position; and discharged plaintiff from his position of Clean-Up Crewmember. (See Def.'s Ex. 17 to Dep. of Carl Green 690.)

In July of 1999, the EEOC mailed a letter to plaintiff requesting that plaintiff choose among several options with respect to whether he wanted the EEOC to continue processing his charge or discontinue the process. (See Def.'s Ex. 18 to Dep. of Carl Green 763-764.) Plaintiff's wife received the letter, deemed it to be "important," and mailed it to plaintiff, who was serving a prison sentence for a conviction of felony child abuse

---

[3] If facts are in dispute, they are stated in the manner most favorable to the plaintiff. See Fitzpatrick, 2 F.3d at 1115.

6

at that time.[4] (See Dep. of Carl Green 764-766; Dep. of Ilean Green 47-48.) Plaintiff mailed the letter back to the EEOC on July 21, 1999, after having indicated that he wanted to receive a right-to-sue letter and hand-writing his home address and telephone number. (See Def.'s Ex. 18 to Dep. of Carl Green 763-764.) Plaintiff's response to the EEOC did not indicate that he was in jail or provide any address other than his home address.

On August 31, 1999, the EEOC mailed a right-to-sue letter to plaintiff's home address in Gadsden.[5] (See Dep. of Carl Green 768-769; Def.'s Ex. 19 to Dep. of Carl Green 766; Dep. of Ilean Green 48-49.) Plaintiff was still in prison at the time when the letter arrived. (See Dep. of Carl Green 768.) Neither plaintiff nor his wife knows the exact date on which the letter was received and plaintiff's wife did not keep the envelope. (See Dep. of Carl Green 766-768; Dep. of Ilean Green 48-50, 56, 60, 64-70.) Plaintiff's wife testified that the letter may have arrived by certified mail, although she cannot be certain and may

---

[4] On April 14, 1999, plaintiff was convicted of felony child abuse, (see Dep. of Carl Green 8-9, 782-783), after having allegedly broken the arm of his seven year-old stepdaughter in September of 1998, (see Dep. of Carl Green 9, 11-14). Plaintiff was sentenced to five years with 18 months of that sentence to be served in prison. (See Dep. of Carl Green 10-11.)

[5] The right-to-sue letter, signed on behalf of the Commission, contains a certificate that it was mailed August 31, 1999. (See Def.'s Ex. 19 to Dep. of Carl Green 766.)

be confusing it with a July 16, 1999 letter form the EEOC investigator. (See Dep. of Ilean Green 50-56, 64-70; Def.'s Exs. 5, 6 thereto.) The right-to-sue letter does not reflect the method by which it was mailed. (See Def.'s Ex. 19 to Dep. of Carl Green 766.) Plaintiff's wife thinks that she received a notice from the post office that she had an item waiting to be picked up, but she is not sure whether the notice identified the sender because she "didn't pay it any attention." (See Dep. of Ilean Green 50-51, 54-56.) Plaintiff's wife stated that she ignored the first notice and received one, and possibly two, more notices from the post office before retrieving the letter at least two or three weeks after having received the first notice. (See Dep. of Ilean Green 51-54.) Plaintiff's wife was not given a receipt when she picked up the letter from the post office. (See Dep. of Ilean Green 55.) Plaintiff's wife did not open the letter, "didn't pay it no attention," and laid it on her dresser with other mail. (See Dep. of Ilean Green 46, 57.) Sometime later plaintiff's wife opened the letter and told her husband about the letter when he called her. (See Dep. of Ilean Green 57-59.)

Plaintiff filed his complaint on December 6, 1999, 97 days after the August 31, 1999 right to sue letter was mailed. (See Compl.) In its answer, defendant asserted that "plaintiff is

obligated to satisfy all procedural requirements to the filing of this action . . . and until he does so, plaintiff cannot maintain any claims under 42 U.S.C. § 2000e, et seq." and "the claims of plaintiff are barred by his failure to file this action within 90 days of his receipt of a right-to-sue letter." (See Answer IV, VIII.)

### IV. Applicable Substantive Law and Analysis

As noted earlier, plaintiff's complaint alleges that defendant is liable under Title VII for allegedly demoting plaintiff, harassing plaintiff, and firing plaintiff because of his race. (See Compl. ¶ 9, 10.) Generally, defendant's motion for summary judgment asserts that plaintiff's complaint is due to be dismissed because no genuine issue of material fact exists and defendant is entitled to judgment as a matter of law. (See Def.'s Mot. Summ. J. at 1-2.) Specifically, defendant articulates a number of reasons why summary judgment should be granted, only one of which is relevant to resolve this case. Defendant argues and the undisputed facts demonstrate that plaintiff has failed to satisfy his burden of establishing that he filed his complaint within 90 days of his receipt of a right-to-sue letter from the EEOC.

Title VII requires, as a condition precedent, that once the EEOC notifies an aggrieved party that it is terminating action on

a charge, "within 90 days after the giving of such notice a civil action may be brought against the person named in the charge. . . ." 42 U.S.C. § 2000e-5(f)(1) (1994). Plaintiff must "generally allege in his complaint that 'all conditions precedent to the institution of the lawsuit have been fulfilled.'" <u>Jackson v. Seaboard Coast Line R. Co.</u>, 678 F.2d 1992, 1010 (11th Cir. 1982) (quoting Fed. R. Civ. P. 9(c)). If the defendant doubts that plaintiff has fulfilled his conditions precedent in whole or in part, the defendant should deny "specifically and with particularity" that the plaintiff failed to meet the preconditions. Fed. R. Civ. P. 9(c); <u>see</u> <u>Jackson</u>, 678 F.2d at 1010. Once the defendant has contested plaintiff's filing of the complaint within 90 days of the EEOC notice of right to sue, the "plaintiff then bears the burden of proving that the condition[] precedent . . . h[as] been satisfied." <u>Jackson</u>, 678 F.2d at 1010.

In order to determine when the 90-day statutory limitation period begins to run, the Eleventh Circuit has adopted a case-by-case approach and has generally held that "[t]he key word in the statute is 'notify;' the limitations period begins to run upon notification of the aggrieved party." <u>Franks v. Bowman Transp. Co.</u>, 495 F.2d 398, 404 (5th Cir. 1974), <u>rev'd on other grounds</u>, 424 U.S. 747 (1976). Because the statute did not intend to

"condition a claimant's right to sue under Title VII on fortuitous circumstances or events beyond his control," notification is complete "only upon actual receipt of the letter." Franks, 495 F.2d at 404. Thus, generally, the 90-day period begins to run once the EEOC notification letter has been received by the plaintiff. See id. However, the Eleventh Circuit recently expanded that limitations period to 93 days when the situation involves a notice of attempted delivery. See Zillyette v. Capital One Fin. Corp., 179 F.3d 1337, 1342 (11th Cir. 1999). "[A] plaintiff is entitled to a reasonable time to pick up the letter upon receipt of a notice of delivery and therefore [] a three-day period, analogous to the federal rule governing time for taking action after service by mail, provides an appropriate period for a plaintiff to act to receive an unsuccessfully delivered letter." See id.

Even though the Eleventh Circuit has held that, generally, the limitations period begins to run upon actual receipt of the letter by the plaintiff, the court has made it clear that the plaintiff is required to contribute "minimum assistance" to the process and if the "plaintiff's own actions may [] explain[] his failure to receive the EEOC's letter," the plaintiff's suit is barred. Zillyette, 179 F.3d 1337 at 1340 (emphasis added). The plaintiff must "take reasonable steps to ensure delivery of the

11

notice to his current address" and to "inform[] family members of suitable age and discretion that plaintiff[] [is] expecting an important letter related to [his] pending claim, and that [he] need[s] to be alerted immediately following its delivery." Id. See, e.g., Law v. Hercules, Inc., 713 F.2d 691 (11th Cir. 1983) (affirming the dismissal of a suit for failure to meet the 90 day filing deadline when the plaintiff's seventeen-year old son picked up the EEOC letter at the post office); Bell v. Eagle Motor Lines, Inc., 693 F.2d 1086 (11th Cir. 1982) (finding that the 90-day period for filing suit began to run when plaintiff's wife received the letter at their shared place of residence). If the plaintiff's own actions or omissions prohibited his receipt of the letter, the suit is barred. See Zillyette, 179 F.3d at 1340. The Eleventh Circuit explained that,

> [w]e need not embrace the doctrine of constructive receipt, nor close our eyes to the liberal construction the act is entitled to in order to fashion a fair and reasonable rule . . . . There is no reason why a plaintiff should enjoy a manipulable open-ended time extension which could render the statutory minimum meaningless. Plaintiff should be required to assume some minimum responsibility himself for an orderly and expeditious resolution of his dispute.

Lewis v. Conners Steel Co., 673 F.2d 1240, 1242 (11th Cir. 1982).

In this case, the notice of right to sue was mailed on August 31, 1999, (see Def.'s Ex. 19 to Dep. of Carl Green 766), and this action was filed December 6, 1999, (see Compl.), 97 days

after the right to sue letter was mailed.  Although plaintiff's wife received the letter, the limitations period began to run upon receipt of the letter by plaintiff's wife because plaintiff had the obligation to "take reasonable steps to ensure delivery of the notice to his current address" and to inform his wife that he was expecting the EEOC letter and needed to be alerted upon its arrival.  <u>Zillyette</u>, 179 F.3d 1337 at 1340.  In July of 1999, plaintiff returned a form to the EEOC requesting a right to sue letter and reporting his "current address" as his shared residence with his wife, never mentioning that he was incarcerated at the time.  (<u>See</u> Def.'s Ex. 18 to Dep. of Carl Green  763-764.)  Plaintiff's wife stated that she may have received a notice from the post office with regard to the right-to-sue letter, but may be confusing that letter with an earlier letter from an EEOC investigator.  (<u>See</u> Dep. of Ilean Green 50-56, 64-70.)  If the right-to-sue letter did come by certified mail, there is no evidence as to when the notice of any attempted delivery of a certified letter was received or when the letter itself was actually received.  Whenever and howsoever plaintiff's wife received the envelope containing the right-to-sue letter, plaintiff's wife did not open the envelope, "didn't pay it no attention," laid it on her dresser with other mail, and only later told her husband about the letter.  (<u>See</u> Dep. of Ilean

13

Green 46, 57.) Plaintiff's own failure to inform the EEOC of his prison address and failure to notify his wife of the impending arrival of the EEOC letter he had requested contributed to his delayed receipt of the letter. Under Eleventh Circuit law, the plaintiff should not be allowed to enjoy a manipulable open-ended time extension of the ninety-day period. See Lewis, 673 F.2d at 1242.

As noted earlier, plaintiff has presented no evidence to establish the date on which his wife received the right-to-sue letter or received any attempted delivery notice regarding the letter. (See Dep. of Carl Green 766-768; Dep. of Ilean Green 48-50.) The burden of proof of filing within the 90-day period rests on the plaintiff and the plaintiff in this case has failed to satisfy that burden. However, in a case where no evidence existed to establish the date of receipt of a right to sue letter, the United States Supreme Court applied Rule 6(e) to create a presumption that the letter was received three days after mailed. See Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 148 n.1 (1984) (applying Fed. R. Civ. P. 6(e)); see also Sherlock v. Montefiore Med. Ctr., 84 F.3d 522, 525-526 (2nd Cir. 1996) (applying the presumption that a right to sue letter was received three days after mailing). In this case, the EEOC letter was mailed on August 31, 1999 and suit was filed 97 days

14

later on December 6, 1999. Even applying a Rule 6(e) presumption, plaintiff's complaint would still have been <u>untimely</u> filed 94 days after the presumed receipt of the right to sue letter absent evidence of when the letter, or at least evidence of when a notice of attempted delivery of the letter, was received.

In summary, the Court finds that plaintiff has failed to satisfy his burden of establishing that he filed his complaint within 90 days of his receipt of a right-to-sue letter from the EEOC. Because no material issues of fact remain and because defendant Union Foundry Company is entitled to judgment as a matter of law, summary judgment is appropriate. A separate order will be entered.

DONE this 3rd day of January, 2001.

_____
SENIOR UNITED STATES DISTRICT JUDGE